**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO. 26-32580 |
| | § | |
| **MCITBE, LLC,** | § | (Main case pending in the United States |
| | § | Bankruptcy Court for the Northern |
| Debtor. | § | District of Texas, Dallas Division) |
| | § | |
| | § | CHAPTER 11 |

| | | |
|---|---|---|
| **TRAVIS VARGO, in his capacity as** | § | ADVERSARY PROCEEDING |
| state court receiver, | § | |
| Plaintiff, | § | NO. 26-03239 |
| | § | |
| v. | § | (Removed from Cause No. 2025-62940 |
| | § | in the 333rd Judicial District Court |
| **MOBEEN CHOUDHRI and** | § | of Harris County, Texas) |
| **SHAHNAZ CHOUDHRI,** | § | |
| Defendants. | § | |

**DEFENDANT'S MOTION TO TRANSFER REMOVED ADVERSARY PROCEEDING**
**TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN**
**DISTRICT OF TEXAS, DALLAS DIVISION**

Defendant Shahnaz Choudhri (the "Removing Defendant"), pursuant to 28 U.S.C. § 1412

and Rule 7087 of the Federal Rules of Bankruptcy Procedure, moves to transfer this removed

adversary proceeding to the United States Bankruptcy Court for the Northern District of Texas,

Dallas Division, where *In re MCITBE, LLC*, Case No. 26-32580 (the "Bankruptcy Case"), is

pending before the Honorable Michelle V. Larson. In support, the Removing Defendant

respectfully shows:

**I.  BACKGROUND**

1.     This adversary proceeding was removed from the 333rd Judicial District Court of Harris

County, Texas, Cause No. 2025-62940 (the "State Court Action"), in which Plaintiff Travis

Vargo, in his capacity as a state-court-appointed receiver, asserts state-law fraudulent-transfer and conspiracy claims against the Removing Defendant and co-defendant Mobeen Choudhri. The Removing Defendant removed the State Court Action to this Court as a proceeding related to the Bankruptcy Case under 28 U.S.C. §§ 1334(b) and 1452(a).

2. The Bankruptcy Case is pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Shahnaz Choudhri is the sole member of the Debtor, MCITBE, LLC. The Receiver has asserted authority and control over the Debtor and contends that it is the de facto property of judgment debtor Ali Choudhri and subject to the receivership and to a turnover order. The questions presented in this adversary proceeding therefore overlap with, and could affect, the property, administration, and creditors of the Debtor's estate.

## II.  AUTHORITY FOR TRANSFER

3. Title 28, United States Code, Section 1412 provides that a district court may transfer a case or proceeding under title 11 to a district court for another district in the interest of justice or for the convenience of the parties. The standard is disjunctive: transfer is proper if either the interest of justice or the convenience of the parties is served.

4. Rule 7087 of the Federal Rules of Bankruptcy Procedure authorizes this Court, on motion and after a hearing, to transfer an adversary proceeding or any part thereof to another district under 28 U.S.C. § 1412. To the extent the Court applies 28 U.S.C. § 1404(a) to this related, non-core proceeding, transfer is warranted for the same reasons.

## III.  ARGUMENT

**A.  The interest of justice strongly favors transfer to the home court.**

5. In evaluating the interest of justice on a motion to transfer a removed adversary proceeding under 28 U.S.C. § 1412, courts weigh, among other factors: (a) the efficiency and

economics of estate administration; (b) the presumption in favor of the "home court" where the bankruptcy case is pending; (c) judicial economy and efficiency; (d) fairness and the ability to receive a fair trial; (e) the State's interest in having local controversies decided within its borders; and (f) the plaintiff's original choice of forum. *Ries v. Ardinger (In re Adkins Supply, Inc.)*, No. 14-01000, 2015 WL 1498856, at *6 (Bankr. N.D. Tex. Mar. 27, 2015). The most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate. *In re Commonwealth Oil Ref. Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979).

6.   The governing factors favor transfer. The Debtor's estate is being administered in the Northern District of Texas, and the court presiding over the Bankruptcy Case is best positioned to resolve disputes that bear on the Debtor, its sole member, its property, and the claims against and distributions from its estate. Because the Receiver places the status, ownership, and control of the Debtor directly at issue, allowing this proceeding to be heard alongside the Bankruptcy Case avoids piecemeal litigation and the risk of inconsistent determinations—for example, concerning whether the Debtor or particular assets are property of the estate, whether the automatic stay applies, and the validity of any asserted turnover authority over the Debtor. And because both the 333rd Judicial District Court and the transferee court sit in Texas, transfer to the Northern District of Texas preserves any state interest in resolving this controversy within Texas's borders while securing the efficiencies of centralized administration in the home court.

7.   The home-court presumption independently supports transfer. The court overseeing the Bankruptcy Case has familiarity with the Debtor, its members, its assets, and the related disputes, and is the natural and most efficient forum for a proceeding that is related to and

could affect that case. Centralizing the proceeding in the home court conserves judicial resources and promotes the orderly and economical administration of the estate.

**B.  The convenience of the parties also favors transfer.**

8.  The Debtor and the principal stakeholders in the disposition of this dispute are already before the court in the Northern District of Texas. Resolving the related claims in the same forum reduces duplicative proceedings, travel, and expense, and permits coordinated scheduling with the Bankruptcy Case. No party is prejudiced by litigating a proceeding that is related to the Bankruptcy Case in the court already administering that case.

**C.  Transfer is also proper under 28 U.S.C. § 1404(a).**

9.  To the extent this proceeding is characterized as non-core and § 1404(a) is applied, transfer remains warranted because the proceeding could have been brought in the transferee district as a proceeding related to the Bankruptcy Case, and the convenience of the parties and the interest of justice favor the transferee forum for the reasons stated above.

## IV.  REQUEST FOR HEARING

10.  In accordance with Fed. R. Bankr. P. 7087, the Removing Defendant requests that the Court set this Motion for hearing and, after hearing, enter an order transferring this adversary proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

## PRAYER

WHEREFORE, the Removing Defendant respectfully requests that the Court grant this Motion, transfer this removed adversary proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, for administration in connection with the Bankruptcy Case, and grant such other and further relief to which the Removing Defendant may be entitled.

Respectfully submitted,

*By:  /s/ Justin Rayome*
JUSTIN RAYOME
State Bar No. 24130709
5882 Sugar Hill Dr.
Houston, Texas 77057
Tel: 214.934.9345
justin.rayome.law@gmail.com

**ATTORNEY FOR DEFENDANT
SHAHNAZ CHOUDHRI**

## CERTIFICATE OF SERVICE

I certify that on the 21st day of June, 2026, a true and correct copy of the foregoing was served upon the following via the Court's CM/ECF system and/or by electronic mail and certified mail, return receipt requested:

Travis B. Vargo (SBN 24047027)
Michael Poynter (SBN 24092991)
Vargo Law Firm
12012 Wickchester, Suite 670
Houston, Texas 77079
tvargo@vargolawfirm.com; mpoynter@vargolawfirm.com; eservice@vargolawfirm.com
Counsel for Plaintiff / Receiver Travis Vargo

Joe N. Purdue (SBN 24034624)
The Purdue Law Firm
3730 Kirby Dr., Suite 777
Houston, Texas 77098
Tel: 832.303.3410
Email: joe@purduelaw.net
Counsel for the Co-Defendant Mobeen Choudhri

*/s/ Justin Rayome*
Justin Rayome